## MACK CARLTON v. THE STATE.

No. 16432.   Delivered February 21, 1934.
Rehearing Denied March 14, 1934.
Reported in 69 S. W. (2d) 84.

The opinion states the case.

*H. T. Brown*, of Jacksonville, and *Perkins & Perkins*, of Rusk, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicat-

ing liquor for purposes of sale; punishment, one year in the penitentiary.

Officers, having a search warrant, searched appellant's place and found a quantity of beer and also a quantity of home brew. Samples of both kinds of liquor were analyzed by a chemist who testified that the beer contained three per cent of alcohol by volume, and the home brew contained eight per cent of alcohol by volume. The charge against appellant was the possession of potable liquor containing in excess of one per cent of alcohol by volume. We have no doubt as to the sufficiency of the facts to support the conclusion of guilt.

Four bills of exception are found in the record. Bill No. 1 complains of the lack of legal evidence to support the conviction, the exact point being that the chemist who analyzed the samples of liquor was not sufficiently qualified. We think to the contrary. The witness had been a chemist and bacteriologist with thirteen years of actual experience and practice in Dallas and Tyler. He disclosed the extent of his study. We think the bill without merit.

Bill No. 2 discloses a general objection to the affidavit and search warrant as being insufficient in law to authorize a search of appellant's premises. The affidavit and search warrant are not made a part of the bill, but we have examined same as they appear in the statement of facts. The building and premises to be searched was a store and barbecue stand. The facts relied upon by the makers of the affidavit as basis for their belief that the law was being violated, as set forth in the affidavit and search warrant, appear to be sufficient. We think this bill without merit.

There is a bill complaining of the fact that the officers found a number of containers, bottles and jars with some small quantity of whisky in them. We see no injury from this. Appellant was given the lowest penalty, and the evidence of his guilt appears to be not disputed.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*